UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JASON D. PITTS                                CIVIL ACTION

VERSUS                                        NUMBER: 07-8811

LYNN COOPER, WARDEN                           SECTION: "F"(5)


**<u>REPORT AND RECOMMENDATION</u>**


Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Jason D. Pitts, and the State's response thereto. (Rec. docs. 3, 14). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Pitts' petition be dismissed with prejudice.

Petitioner Pitts is a state prisoner who is currently incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana. On November 28, 2001, pursuant to a plea agreement with the State, Pitts pled guilty to three counts of armed robbery in

the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, and was thereupon sentenced to fifteen years as to each count, with those sentences to be served concurrently to each other, to the sentence Pitts was serving in case No. 00-4553, and to any probation violation he was facing. (St. ct. rec., vol. 1, tabs 2, 3, 4). Pitts did not directly appeal his conviction or sentences which thus became final on December 6, 2001 when the five-day period for him to do so, exclusive of legal holidays and intervening weekends, then prescribed by LSA-C.Cr.P. Art. 914(B)(1) expired and no motion therefor was made.[1]/ See Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002), cert. denied, 539 U.S. 918, 123 S.Ct. 2277 (2003).

On March 11, 2002, Price signed and dated a motion wherein he sought a free copy of various documents generated in his criminal case. (St. ct. rec., vol. 1, between tabs 3 and 4). That motion was formally filed in the trial court on March 15, 2002 and was granted in part on March 22, 2002. (Id.) A copy of Pitts' guilty plea and sentencing transcript was mailed to him via certified mail on October 24, 2002. (Id.)

On December 15, 2003, a post-conviction relief application

---

[1]/ By Acts 2003, No. 949, §1, effective August 15, 2003, the Louisiana Legislature amended Article 914(B)(1) to extend the five-day appeal period to thirty days.

("PCRA") from petitioner was formally filed in the trial court and was denied as untimely by that tribunal on December 18, 2003. (St. ct. rec., vol. 1, tab 5). Pitts then sought writs from the Louisiana Fifth Circuit Court of Appeal, arguing that his PCRA was timely-filed because it had been placed in the hands of prison officials to be mailed to the trial court on November 17, 2003. (Id. at tab 15). The Louisiana Fifth Circuit agreed with Pitts' argument and granted his writ application on April 12, 2004, remanding the matter to the trial court for further proceedings. State v. Pitts, No. 04-KH-355 (La. App. 5th Cir. Apr. 12, 2004)(unpublished order). (Id. at tab 6). Pursuant to that remand, the trial court reviewed Pitts' PCRA on the merits and denied relief on April 27, 2004. (Id. at tab 7). Pitts did not seek further review of that ruling.

On October 5, 2005, Pitts signed and dated a motion to correct and/or to vacate an illegal sentence that was formally filed in the trial court on October 31, 2005. (St. ct. rec., vol. 1, tabs 8, 10). On November 8, 2005, the trial court denied the motion under the authority of LSA-C.Cr.P. Arts. 881 and 881.2(A)(2). (Id. at tab 10). From that adverse ruling, Pitts sought writs from the Louisiana Fifth Circuit via an application dated April 25, 2006. (Id. at tab 9). On May 5, 2006, the Louisiana Fifth Circuit denied Pitt's writ application on the showing made. State v. Pitts, No.

06-KH-327 (La. App. 5th Cir. May 5, 2006)(unpublished order). (Id. at tab 14). Petitioner then sought review from the Louisiana Supreme Court via a writ application that was dated August 15, 2006 and was postmarked on August 23, 2006. (Id. at tabs 11, 13). On June 22, 2007, the Louisiana Supreme Court denied Pitts' writ application as untimely under LSA-C.Cr.P. Art. 930.8 and procedurally barred under LSA-C.Cr.P. Art. 930.3. State ex rel. Pitts v. State, 959 So.2d 491 (La. 2007). The instant proceeding followed, with Pitts' signing and dating his habeas petition on September 10, 2007. (Rec. doc. 3, p. 6).

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Pitts have one year from the date that their convictions become final to timely seek federal habeas corpus relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted above, Pitts' conviction became final on December 6,

4

2001 when the five-day appeal period prescribed by Article 914(B)(1) expired and no motion therefor was made. At that pont, the one-year limitation period set forth in §2244(d) began to run and had long since expired when Pitts placed his PCRA in the hands of prison officials to be mailed to the trial court on November 17, 2003. Although Pitts had, in the interim, litigated his entitlement to a free copy of documents generated in his criminal case, such proceedings do not qualify as "application[s] for State post-conviction or other collateral review ..." so as to toll the limitations period under §2244(d)(2) because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Boyd v. Ward, 2001 WL 533221 at *4 (E.D. La. 2001); Brisbon v. Cain, 2000 WL 45872 at *2 (E.D. La. 2000). As Pitts had no qualifying proceedings under §2244(d)(2) pending before the state courts in the one-year period following the date that his conviction became final, his petition is untimely and should be dismissed as such.

As alternatively argued by the State, even if Pitts' habeas petition were not time-barred, the Court would be unable to grant him the relief he seeks. Pitts argues that his fifteen year sentence was invalid and unauthorized under LSA-R.S. 14:64.3 and supporting state case law. (Rec. doc. 3-2). Pitts cites to no federal law or jurisprudence. (Id.) Federal courts, however, do not

sit as "super" state supreme courts to review errors under state law.  Cronnon v. State of Alabama, 587 F.2d 246, 250 (5th Cir. 1979)(and cases cited therein).  In any event, given the fact that the Louisiana Supreme Court refused to entertain Pitts' claims on the merits, Pitts 959 So.2d 491, to the extent that his petition can be read as asserting federal constitutional claims, review of those claims would be procedurally barred here.  See Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997), cert. denied, 523 U.S. 1125, 118 S.Ct. 1811 (1998)(Art. 930.8 procedural bar); Williams v. Lensing, No. 99-CV-1612, 1999 WL 670972 at *3-4 (E.D. La. Aug. 25, 1999)(Art. 930.3 procedural bar).

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Jason D. Pitts be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v.

United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this   20th  day of ____March____, 2009.

                                                                 _____
                                                                 UNITED STATES MAGISTRATE JUDGE